IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TRACY L. LINDSEY, #189896, ) | |
| ) | |
|    Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:20-CV-977-ECM-JTA |
| ) | (WO) |
| MOBILE COUNTY CIRCUIT COURT, *et al.*, ) | |
| ) | |
|    Defendants. ) | |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

### **I. INTRODUCTION**

This 42 U.S.C. § 1983 action is pending before the court on a complaint filed by Tracy L. Lindsey, a state inmate currently incarcerated at the Kilby Correctional Facility. In this complaint, Lindsey challenges the constitutionality of actions taken during his trial for burglary before the Circuit Court of Mobile County, Alabama. Doc. 1 at 2–3. Lindsey names the Mobile County Circuit Court, Jill P. Phillips, the state judge who presided over his case, Johana Bucci, the assistant district attorney assigned his case, and Joseph A. Altadonna, his attorney, as defendants in this case. Doc. 1 at 1–2.

Upon review of the complaint and in light of the claims presented therein, the undersigned finds that this case should be transferred to the United States District Court for the Southern District of Alabama pursuant to 28 U.S.C. § 1406.[1]

---

[1] Upon initiation of this civil action, Lindsey filed an application for leave to proceed *in forma pauperis*. Doc. 2. Any ruling on such application, including assessment and collection of the filing fee, should be undertaken by the United States District Court for the Southern District of Alabama.

## II. DISCUSSION

A 42 U.S.C. § 1983 "action may be brought in – (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . .; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b). The law further provides that when a case is filed "laying venue in the wrong division or district" the court may, "if it be in the interest of justice, transfer such case to any district . . . where it could have been brought." 28 U.S.C. § 1406(a); *see also* 28 U.S.C. § 1404(a) ("For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district . . . where it might have been brought[.]"); 28 U.S.C. § 1631 (Providing federal courts the power to transfer a civil action to "cure a want of jurisdiction" where such transfer "is in the interest of justice[.]").

Mobile County, Alabama is located within the jurisdiction of the United States District Court for the Southern District of Alabama. Thus, the actions about which Lindsey complains occurred in the Southern District of Alabama. Moreover, the complaint indicates that the individuals listed as defendants reside in the Southern District of Alabama. Under these circumstances, the claims asserted by Lindsey are beyond the venue of this court. It is clear from the complaint that the proper venue for this civil action is the United States District Court for the Southern District of Alabama.

In light of the foregoing, the court finds that in the interest of justice and for the convenience of the parties, this case should be transferred to the United States District Court for the Southern District of Alabama for review and disposition.

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be transferred to the United States District Court for the Southern District of Alabama pursuant to the provisions of 28 U.S.C. § 1406(a). [2]

On or before **December 21, 2020**, the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal conclusions contained in the Recommendation to which his objection is made. Frivolous, conclusive, or general objections will not be considered by the court.

Failure to file written objections to the proposed factual findings and legal conclusions set forth in the Recommendations of the Magistrate Judge shall bar a party from a *de novo* determination by the District Court of these factual findings and legal conclusions and shall "waive the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993) ("When the magistrate provides such notice and a party still fails to object to the findings of fact [and law] and

---

[2] In transferring this case, the court makes no determination with respect to the merits of the plaintiff's claims for relief.

those findings are adopted by the district court the party may not challenge them on appeal in the absence of plain error or manifest injustice."); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 4th day of December, 2020.

/s/ Jerusha T. Adams
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE